Coburn *against* Harwood.     *December, 1822.*

IN an action for slanderous words charging the crime against nature, *Harwood* recovered a verdict and judgment against *Coburn* in the Circuit Court of *Monroe* County. *Coburn* sued out a writ of Error, and here assigns as Error—

Words charging the crime against nature, are not in themselves ac-tionable in this State.

That the words are not in themselves actionable, and they are not laid with an averment of special damages.

Coburn
v.
Harwood.

Judge *Saffold* delivered the opinion of the Court.

It is a settled principle of the common law, that words which, if true, would subject the accused to infamous punishment, or to an indictment for a crime involving moral turpitude, are in themselves actionable, without averment or proof of special damages (5 John. R. 190).

The rule of construction as to slanderous words has, in the history of jurisprudence, undergone several changes. At one time a rigid construction prevailed; at other times, the words were to be understood *in mitiori sensu :* but the rule as now settled is to construe the words in that sense which is most natural and obvious—in the plain and popular sense in which the rest of the world understand them. (6 Bac. 223, &c.)

For the plaintiff in Error it is contended that the words do not import the charge laid in the innuendo, and that the innuendo cannot supply their meaning.

The innuendo is merely explanatory of something already expressed. It cannot render certain words which would otherwise be uncertain, give a criminal meaning to innocent words, or add to, extend, or change the sense of the words previously stated (1 Tidd. 384—6 Bac. Ab. 250). But it may give a technical meaning to a slanderous charge, from the obvious import of the words spoken, taken in connection with the *colloquium.*

Thus in the case cited in 6 Bac. 254, in a colloquium concerning the death of D. D., the defendant said to plaintiff, "you are a bad man, and I am thoroughly convinced "that you are guilty;" meaning of the murder of said *D. D.* In the case before us, the technical description of the offence charged, and the identity of the parties, are properly to be inferred from the innuendo.

Do the words stated in the declaration in the natural, plain, and obvious sense in which the world understands them, import a charge of the crime as stated in the innuendo? Where the defendant said of a widow, "I have had the use of her body," it shall not be intended that those words meant the use of her body as a physician, or that she had done bodily labour for him; but the words shall be construed in their usual sense, which is very slanderous. (Cro. Ja. 162). In the present case, no one who heard the words could doubt their import.

Would the charge, if true, subject the plaintiff to infamous

punishment, or to an indictment for a crime involving moral turpitude?.

Though unquestionably a crime of the highest moral turpitude, "the very mention of which is a disgrace to human "nature: a crime not fit to be named amongst Christians," the Statutes of this state have taken no notice of it.—Is it an indictable offence by the common law?

It does not appear that it was punishable in England otherwise than by death, excepting that in the time of Popery it was subject to Ecclesiastical censure. By the ancient Britons it was sometimes punishable by burning. In the time of Richard I. the practice was to punish it by hanging (6 Bacon, 327). The Statute of Henry VIII., after reciting that there was not a sufficient punishment appointed, declares it felony without benefit of clergy. It is said in the English books, that previous to the passage of this Statute, the practice of punishing this offence with death had been for some time discontinued; and this is strongly corroborated by the enactment of the Statute and its recital as prefixed. It does not appear what other punishment, or that any, was inflicted, from the time of discontinuing capital punishment, and till the enactment of the Statute of Henry VIII.

This crime then is not indictable by the common law, or by any Statute of this State (*a*). The words spoken are not in themselves actionable; and there is no averment of special damages. This omission is not cured by the verdict; for the plaintiff's title as stated is defective.

The judgment must therefore be reversed.

*Crawford* and *Hitchcock* for plaintiff.

*H. W. Taylor* for defendant in Error.

DECEMBER, 1822.

Coburn
v.
Harwood.

(*a*) See *Turner's Digest, p.* 247, *sect.* 4. *Laws Ala.* 522, *s.* 4.